USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/11/2021_

UNITED STATES DISTRICT CO[URT]
FOR THE SOUTHERN DISTRICT OF N[EW YORK]

| | | |
|---|---|---|
| HITACHI CAPITAL AMERICA CORP., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 21-CIV-2426 (AT) |
| | : | |
| ECAPITAL CORP., | : | |
| | : | |
| Defendant. | : | |

**STIPULATION AND ORDER**
**GOVERNING THE EXCHANGE OF CONFIDENTIAL**
**AND HIGHLY CONFIDENTIAL INFORMATION**

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents; and

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the parties to the Litigation believe to be confidential and sensitive commercial, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Federal Rules of Civil Procedure 5.2 and 26(c), and Sections I(B), IV of this Court's Individual Practices in Civil Cases, that this Stipulation and Order for the Production and Exchange of Confidential Information will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery

Material") by or among any Party or any non-Party providing Discovery Material that has joined in this Stipulation and Order by executing and delivering the Joinder attached as Exhibit A to the Parties (each a "Producing Party") in this Litigation.

1.      Any Producing Party may designate any Discovery Material either (1) as "Confidential" under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"), or (2) as "Highly Confidential" under the terms of this Stipulation and Order if such party in good faith reasonably believes that disclosure of the Discovery Material, other than as permitted under this Stipulation and Order, is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material"). Highly Confidential Discovery Material is information that the Producing Party reasonably believes is highly sensitive or proprietary information, that the Producing Party does not routinely disclose outside of its organization on a non-confidential basis, and that is not otherwise publicly available regarding the business of the Producing Party or personal information regarding an employee or agent of the Producing Party.  Examples of such Highly Confidential Discovery Material include (1) information related to business, strategic, or marketing plans of the Producing Party, (2) customer lists, (3) supplier lists, (4) margin or profitability information, (5) business forecasts, (6) employee compensation or performance information, (7) actual or projected marketing information, studies and plans, (8) proprietary information concerning new products or services, (9) trade secrets, and (10) information concerning computer operating systems and software that, if revealed, could lead to a security breach.

2.      The designation of Discovery Material as Confidential Discovery Material or

Highly Confidential Discovery Material shall be made in the following manner:

        A.     In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (*e.g.*, CD- ROM, floppy disk, DVD).

        B.     In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony the sections of such testimony to be designated; or (ii) by written notice, sent to all Parties within 10 business days of the delivery of the transcript of the deposition or other pre-trial testimony by identifying the sections of such testimony to be designated pursuant to this Stipulation and Order.  The Parties may modify this procedure for any particular deposition or other pre-trial testimony by written agreement without further order of the Court.

        C.     In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material.

   3.     Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential,

(i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2.  The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material and to undertake reasonable efforts to recover any of the designated information from third parties or to obtain such third parties' consent to this Stipulation and Order.

4.      Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A.      The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation and Order;

B.      Counsel who represent Parties in this Litigation (including in- house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation and Order;

C.      Subject to Paragraph 7, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including

4

outside copying services and outside support services) who are assisting with the Litigation (collectively, "Litigation Consultants");

        D.     Subject to Paragraph 8, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

        E.     The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

        F.     Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit B hereto.

5.     Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

        A.     Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation and Order;

        B.     Subject to Paragraph 7, Litigation Consultants;

        C.     Subject to Paragraph 8, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this

5

Litigation;

        D.      The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

        E.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit B hereto.

6.      To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person other than the witness from the deposition or other venue during such testimony if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order.

7.      Disclosure of Confidential Discovery Material or Highly Confidential Discovery Material may be provided to Litigation Consultants only to the extent necessary for such persons to provide assistance in the Litigation and further provided that such Litigation Consultants agree to be bound by the terms of this Stipulation and Order by signing an undertaking in the form attached as Exhibit B hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material

or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party.

8.      Confidential Discovery Material or Highly Confidential Discovery Material may be provided to witnesses or deponents, and their counsel only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation and Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit B hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order. Counsel for the Party showing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9.      Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material or Highly Confidential Discovery Material (a "Filing Under Seal") must be filed with the Court under seal in accordance with the provisions of Federal Rule of Civil Procedure 5.2, Section IV of this Court's Individual Practices in Civil Cases, Standing Order 19-mc-00583, and Section 6 of the ECF Rules and Instructions, regarding eFile Administrative Procedures, which may be accomplished by submitting documents stating: **CONFIDENTIAL – FILED UNDER SEAL.** If the Court does not grant the motion, the parties will confer in good faith regarding alternative procedures to protect the confidentiality of those documents.

10.     The Parties making a Filing Under Seal must comply with the provisions of Federal Rule of Civil Procedure 5.2 and Section IV of this Court's Individual Practices in Civil Cases,

7

including, without limitation, the provisions governing the filing of a copy of the Filing for public inspection that omits only the information that the party believes should continue to be sealed for good cause. Notwithstanding the foregoing, the Parties have no obligation to file public versions of any exhibits or attachments to a Filing, unless otherwise ordered by the Court or required by the Clerk of Court.

11.     All Confidential Discovery Material or Highly Confidential Discovery Material filed with the Court shall be released from confidential treatment by the Clerk of Court only as provided in Section IV of this Court's Individual Practices in Civil or upon further order of this Court. When any Party receives a notice from the Clerk of Court pursuant to Section IV concerning the release of Confidential Discovery Material or Highly Confidential Discovery Material which was filed with the Court by such Party but contains Discovery Material designated as Confidential Discovery Material or Highly Confidential Discovery Material by another Producing Party, the Party receiving the notice shall deliver a copy of such notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such notice, if such notice is not otherwise sent to such Producing Party by the Clerk of Court, so as to enable the latter to seek further confidential treatment or to have the documents returned or destroyed. The provisions of this paragraph may be waived only with the written consent of the Producing Party.

12.     In accordance with the provisions of Section IV of this Court's Individual Practices in Civil Cases, any Party who objects to the continued restriction on public access to any Filing Under Seal, or any portion thereof, shall give written notice of the objection to the Producing Party. To the extent that the Producing Party seeks to continue the restriction on public access to the Filing Under Seal, or any portion thereof, the Producing Party shall file an application with the

PHIL1 9579640v.2

Court within the for a judicial determination as to whether good cause exists for continued restricted access to the Filing Under Seal, or any portion thereof. Any Party who seeks the continued sealing of any Filing Under Seal, or any portion thereof, shall file a certification of good cause.

13.     During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Stipulation and Order. The provisions of this Stipulation and Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential Discovery Material, which burden remains on the party that designates such Discovery Material or testimony as Confidential or Highly Confidential.

14.     The Parties reserve the right to apply, pursuant to Federal Rule of Civil Procedure 26(c) and/or Sections II(C) and IV of this Court's Individual Practices in Civil Cases, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation and Order.

15.     Entering into this Stipulation and Order, or agreeing to and/or producing or receiving Confidential Discovery Material or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not:

A.      Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the

9

PHIL1 9579640v.2

production of documents or information it considers not subject to discovery;

        B.     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

        C.     Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

        D.     Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

        E.     Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

        F.     Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

        G.     Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

        H.     Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

16.     This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose.  Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

17.     If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

A.     A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

B.     If a claim of inadvertent production is made pursuant to this Stipulation and Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries

and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

        C.      A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

18.    Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

19.    The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

20.    Subject to the requirements of Federal Rule of Civil Procedure 5.2 and Section IV of this Court's Individual Practices in Civil Cases and any applicable rule of the Second Circuit Court of Appeals or the United States Supreme Court, the provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom.

21.    In the event that any Confidential Discovery Material or Highly Confidential

12

Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

22.     Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material or Highly Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material) to any person except pursuant to a court

order, agreement by the Producing Party, in accordance with this Stipulation and Order, or as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

23.     If any Party or other person otherwise bound by this Stipulation and Order in possession of Confidential Discovery Material or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated as "Confidential" or "Highly Confidential" (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the grounds of the existence of this Stipulation and Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court.  Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of this Stipulation and Order.

PHIL1 9579640v.2

24.     In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.


/s/ Richard M. Beck
Richard M. Beck, Esq. (*pro hac vice*)
Craig E. Rushmore, Esq. (*pro hac vice*)
Matthew J. McDonald, Esq.

*Attorneys for Plaintiff*


/s/ Brian M. Johnson
Brian M. Johnson, Esq. (*pro hac* vice)
Seth B. Waxman, Esq.

*Attorneys for Defendant*


SO ORDERED.

Dated: August 11, 2021
     New York, New York


_____
**ANALISA TORRES**
**United States District Judge**

15

PHIL1 9579640v.2